# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES DENVER PHILLIPS,<br><br>    Defendant. | <br><br><br><br><br><br>Case Nos. 3:09-cr-00134-SLG<br><br>    & 3:18-cr-00097-SLG |

**ORDER REGARDING MOTIONS FOR COMPASSIONATE RELEASE**

  Defendant Charles Denver Phillips has filed identical motions for compassionate release in two cases. In Case No. 3:09-cr-00134-SLG, at Docket 72, is Mr. Phillips' motion for a "Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I)." Mr. Philips filed a supporting memorandum at Docket 75. The government filed a response in opposition at Docket 78. The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 77.

  In Case No. 3:18-cr-00097-SLG, at Docket 191, is Mr. Phillips' motion for a "Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I)." Mr. Philips filed a supporting memorandum at Docket 196. The government filed a response in opposition at Docket 204. The Probation Office filed a sealed Compassionate Release Investigation Report at Docket 202.

Mr. Philips has completed his sentence in Case No. 3:09-cr-00134-SLG, so the motion for compassionate release in that case is moot. For the purposes of this order, the Court cites only to the docket in Case No. 3:18-cr-00097-SLG unless otherwise noted.

On October 22, 2019, this Court sentenced Mr. Phillips to 216 months of incarceration after he pleaded guilty to three drug charges: Conspiracy to Distribute and Possess with the Intent to Distribute, Distribution of a Controlled Substance, and Possession with the Intent to Distribute.[1] The Court also sentenced Mr. Phillips to 18 months for violating supervised release, which ran concurrently with the 216 month sentence.[2] Mr. Phillips is currently in Bureau of Prisons (BOP) custody and incarcerated at Big Spring FCI in Texas; his projected release date is December 11, 2033.[3] In light of the COVID-19 pandemic, Mr. Phillips seeks an order reducing his sentence to time served and possibly placing him on home detention.[4] The government responds that the motion should be denied "because the defendant has failed in several ways to meet his burden of establishing that a sentence reduction is warranted under the statute."[5]

---

[1] Docket 184.

[2] Case No. 3:09-cr-000134-SLG at Docket 70.

[3] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Nov. 24, 2020).

[4] Docket 196 at 5–6.

[5] Docket 204 at 2.

Case Nos. 3:09-cr-00134-SLG & 3:18-cr-00097-SLG, *United States v. Phillips*
Order Re Motions for Compassionate Release
Page 2 of 8
Case 3:18-cr-00097-SLG   Document 206   Filed 11/30/20   Page 2 of 8

## I. Applicable law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[6] If the defendant has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction, that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[7]

## II. Exhaustion of administrative rights

An inmate has exhausted his administrative rights if the warden of an inmate's facility has denied a request for compassionate release or if 30 days have lapsed from the receipt of a request by an inmate for compassionate release by the warden of the inmate's facility.[8] In July 2020, Mr. Phillips made a request to the warden for compassionate release.[9] The warden denied Mr. Phillips' request.[10]

---

[6] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[7] 18 U.S.C. § 3582(c).

[8] 18 U.S.C. § 3582(c)(1)(A).

[9] Docket 204-1 at 2.

[10] Docket 204-1 at 1.

Case Nos. 3:09-cr-00134-SLG & 3:18-cr-00097-SLG, *United States v. Phillips*
Order Re Motions for Compassionate Release
Page 3 of 8
Case 3:18-cr-00097-SLG   Document 206   Filed 11/30/20   Page 3 of 8

The government agrees that Mr. Phillips has exhausted his administrative rights.[11] The Court will consider the motion on its merits.

## III. Extraordinary and compelling reasons

Mr. Phillips, who is currently 44 years old, submits that he contracted COVID-19 in September 2020 and continues to suffer symptoms and that his "vulnerability to re-infection puts him at severe risk of serious illness."[12] Specifically, he asserts that "his medical conditions qualify as serious physical or medical conditions that, in the context of the COVID-19 pandemic, constitute 'extraordinary and compelling' circumstances that warrant release from custody."[13] Mr. Phillips also makes an oblique reference that he believes he may have suffered a traumatic brain injury.[14] The government responds that Mr. Phillips has failed to provide any "medical documents that evidence a positive test or symptoms of COVID-19 that were complained of or suffered" by Mr. Phillips.[15]

The government is incorrect; the medical records submitted by Mr. Phillips appear to confirm that he tested positive for COVID-19 in late September 2020.[16] However, Mr. Phillips' argument is still unavailing. He does not claim to have any

---

[11] Docket 204 at 9.

[12] Docket 196 at 8, 22

[13] Docket 196 at 29.

[14] Docket 196 at 4.

[15] Docket 204 at 10.

[16] Docket 197 at 2 (under seal).

Case Nos. 3:09-cr-00134-SLG & 3:18-cr-00097-SLG, *United States v. Phillips*
Order Re Motions for Compassionate Release
Page 4 of 8
Case 3:18-cr-00097-SLG   Document 206   Filed 11/30/20   Page 4 of 8

medical condition other than that he tested positive for COVID-19 and still suffers from symptoms of the virus and has a self-reported traumatic brain injury. The Court has no record of Mr. Phillips' health status other than what the parties have submitted. Based on those records, it does not appear that Mr. Phillips has any underlying medical conditions that increase his risk from COVID-19, that he suffered a severe course of COVID-19, that he suffers any continuing symptoms of COVID-19, or that he has any type of brain injury.[17] Indeed, there is no record of any medical visits after September, 2020, nor any record of a request for medical attention. The Court finds that Mr. Phillips has not demonstrated that he has a medical condition that would constitute an "extraordinary and compelling" reason to reduce his sentence at this time.

Moreover, as of the date of this order, the BOP reports that there are 14 confirmed case of COVID-19 among inmates at FCI Big Spring and 6 cases among staff.[18] The generalized risk of COVID-19 to inmates in a correctional institution does not independently justify compassionate release.[19]

---

[17] Indeed, Mr. Phillips' medical records show that he was a confirmed case of COVID-19 on September 29, 2019. Medical notes from September 10, 2020, state that Mr. Phillips has a "possible housing unit exposure" and do not reflect that he was showing any symptoms himself. Docket 197 at 2, 6.

[18] Fed. Bureau of Prisons, COVID-19: Coronavirus (available at www.bop.gov/coronavirus/) (last accessed Nov. 24, 2020).

[19] *United States v. Fuller*, No. CR17-0324JLR, 2020 WL 2557337, at *6 (W.D. Wash. May 20, 2020) (finding that vague claims that conditions of confinement are "ripe" for COVID-19 infections and generalized concerns about the COVID-19 pandemic are not sufficient to establish the extraordinary and compelling reasons necessary to justify compassionate release); *cf. United States v. Boatwright*, No. 219CR00301GMNDJA, 2020 WL 1639855, at *5 (D. Nev. Apr. 2, 2020) ("The Court is mindful of the unprecedented magnitude of the COVID-19

Case Nos. 3:09-cr-00134-SLG & 3:18-cr-00097-SLG, *United States v. Phillips*
Order Re Motions for Compassionate Release
Page 5 of 8
Case 3:18-cr-00097-SLG   Document 206   Filed 11/30/20   Page 5 of 8

## IV. Section 3553(a) factors

In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court views the continued validity of the imposed sentence in light of the COVID-19 pandemic.[20] Mr. Phillips acknowledges that "the circumstances of the present offense qualified Mr. Phillips for the serious sentence this Court originally imposed."[21] However, he asserts that "the sentencing purpose of just punishment does not warrant a sentence that includes exposure to a life-threatening illness" and that the COVID-19 pandemic is an "overriding factor under § 3553(a) that was not present at the time of sentencing."[22]

The Court finds that the applicable § 3553(a) factors do not support a reduction in sentence in this case. The crime of conviction involved Mr. Phillips and his wife dealing methamphetamine and being found in possession of a large amount of methamphetamine.[23] This conduct is exacerbated by Mr. Phillips' criminal history—which includes multiple drug convictions and violating a domestic

---

pandemic and the extremely serious health risks it presents, particularly within the jail and prison setting. However, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation.").

[20] In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

[21] Docket 196 at 32.

[22] Docket 196 at 32. Mr. Phillips cites to the Eighth Amendment's prohibition on cruel and unusual punishment but does not develop a constitutional argument. Docket 196 at 33.

[23] Docket 149 at 2, 10–12 (under seal).

Case Nos. 3:09-cr-00134-SLG & 3:18-cr-00097-SLG, *United States v. Phillips*
Order Re Motions for Compassionate Release
Page 6 of 8
Case 3:18-cr-00097-SLG   Document 206   Filed 11/30/20   Page 6 of 8

violence restraining order[24]—and the fact that he has had seven in-custody disciplinary incidents in the last two years.[25] Notably, Mr. Phillips was imprisoned in one of the instant cases for his failure to comply with supervised release.[26]

Mr. Phillips has only served a fraction of his 216-month sentence.[27] The Probation Officer who completed the Compassionate Release Investigation in this case recommended denying Mr. Phillips request for a reduction in sentence because "the significant sentence reduction would not satisfy the sentencing goals in this case."[28] The Court agrees and finds that reduction of Mr. Phillips' sentence by nearly 90% would not reflect the nature and circumstances of the offense, the history and characteristics of Mr. Phillips, or the seriousness of the offense; would not promote respect for the law; would not afford adequate deterrence; would not protect the public; and would not provide just punishment.[29]

## CONCLUSION

---

[24] Docket 149 at 15–20 (under seal).

[25] Docket 202 at 1 (under seal).

[26] Case No. 3:09-cr-00134-SLG at Docket 70.

[27] Docket 204 at 3 (government's estimate of 10%); Docket 196 at 21 (defense's estimate of 12%).

[28] Docket 202 at 3 (under seal).

[29] 18 U.S.C. § 3553(a)(2).

Case Nos. 3:09-cr-00134-SLG & 3:18-cr-00097-SLG, *United States v. Phillips*
Order Re Motions for Compassionate Release
Page 7 of 8

In light of the foregoing, the motions in Case No. 3:18-cr-00097-SLG at Dockets 191 and 196 are DENIED. The motions in Case No. 3:09-cr-00134-SLG at Dockets 72 and 75 are DENIED AS MOOT.

DATED this 30th day of November, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case Nos. 3:09-cr-00134-SLG & 3:18-cr-00097-SLG, *United States v. Phillips*
Order Re Motions for Compassionate Release
Page 8 of 8
Case 3:18-cr-00097-SLG   Document 206   Filed 11/30/20   Page 8 of 8